## Baker v. SEPTA

*Anthony F. List*, for plaintiff.
*Stephen H. Palmer*, for defendants.

deFURIA, *J.*, January 29, 1975—Defendants' motion for summary judgment must be granted, since there is no dispute or question of fact concerning the relationship of plaintiff to the corporate and the individual defendants.

On August 14, 1972, plaintiff was operating a bus owned by defendant, SEPTA, which collided with a trolley car, owned by SEPTA, and operated by the individual defendant, John Nelson. Both operators were acting within the scope of their employment.

Under the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 PS §§1, et seq., defendant, SEPTA, is immune from suit for damages or liability to plaintiff, whose sole relief is provided under the terms of said act.

Defendant, Nelson, as a co-employe, is likewise not liable to a fellow-employe, in trespass: 77 PS §72, "except for intentional wrong."

Plaintiff's brief admits the facts of employment and scope, but, without citing authority, feels that the case does not come within the intent of the legislature because the routes of the vehicles were separate and the occurrence unusual. But the Workmen's Compensation Act clearly and specifically covers the relationship of employer and employe. The employes were acting within the scope of their authority, and no claim of intentional injury was made.

Defendant, SEPTA, alleges that suit is barred because of failure of plaintiff to give written notice under the Act of August 14, 1963, P.L. 984, 66 PS §2036. Since the Workmen's Compensation Act is the sole vehicle for plaintiff's relief, this issue need not be decided.

### ORDER

And now, January 29, 1975, the motion for summary judgment of defendants is granted; judgment is hereby entered in favor of defendant, SEPTA, and defendant, John Nelson, and against plaintiff, Samuel G. Baker, and the complaint is dismissed.